United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARTHUR FULFORD, on behalf of himself and all others similarly situated,

    Plaintiff,

  v.

LOGITECH, INC.,

    Defendant.
_____/

No. C-08-2041 MMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; GRANTING LEAVE TO AMEND**

Before the Court is defendant Logitech, Inc.'s ("Logitech") "Motion to Dismiss First Amended Complaint," filed August 28, 2008. Plaintiff Arthur Fulford ("Fulford") has filed opposition, to which Logitech has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**DISCUSSION**

**A. Fulford's Claims**

    **1.    First Cause of Action (Violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq.)**

The First Cause of Action is subject to dismissal because Fulford has failed to allege that he "suffer[ed] . . . damage <u>as a result of</u>," <u>see</u> Cal. Civ. Code § 1780(a) (emphasis

---

[1] On October 29, 2008, the Court deemed the matter suitable for decision on the papers.

added), "unfair or deceptive acts or practices undertaken by [Logitech] in a transaction . . . which result[ed] in the sale or lease of goods to [him]," see Cal. Civ. Code § 1770(a). Although Fulford has alleged he suffered damage as a result of Logitech's deceptive acts (see FAC ¶ 18), he has failed to allege that Logitech engaged in such acts in the course of a transaction with him. See, e.g., Nordberg v. Trilegiant Corp., 445 F. Supp. 2d 1082, 1096-97 (N.D. Cal. 2006) (holding plaintiff who did not enter into agreement with defendant failed to allege transaction under CLRA).[2]

### 2. Second Cause of Action (Violation of California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., and California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.)

#### a. Standing

Contrary to Logitech's argument, Fulford does not lack standing to bring his UCL and FAL claims because he is not a California resident. Fulford has presented sufficient evidence to support a finding that Logitech's headquarters and its public relations and marketing staff are located in California (see Revised Law Decl. Exs. 1-4).[3] See Thornhill Publishing Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979) (holding, on motion to dismiss where defendant has brought factual attack on subject matter jurisdiction, plaintiff has burden of proof and "the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary"). Consequently, Fulford has carried his burden of demonstrating both that the conduct of which he complains occurred in California, see Norwest Mortgage, Inc. v. Superior Court, 72 Cal. App. 4th 214, 222 (1999) (noting UCL applies to "non-California residents for whom [defendant's] conduct . . . occur[s] in California"), and that the representations in question were "disseminated from" California, see § 17500 (providing

---

[2] Fulford's citation to Chamberlan v. Ford Motor Co., No. 03-2628 CW, 2003 WL 25751413 (N.D. Cal. Aug. 6, 2003), is unavailing. In Chamberlan, the plaintiffs purchased the used products there at issue from "authorized dealerships acting as . . . agents" of the manufacturer defendants. See id. at *8.

[3] The Court hereby GRANTS, over Logitech's objection, Fulford's request for leave to file the Revised Declaration of Kristen E. Law; to the extent Logitech objects to said declaration on evidentiary grounds, such objections are OVERRULED.

1  FAL encompasses statements "disseminated from this state before the public in any state,
2  in any . . . manner or means whatever, including over the Internet"); Wershba v. Apple
3  Computer, Inc., 91 Cal. App. 4th 224, 242 (2001) ("[S]ection 17500 expressly applies to
4  claims by out-of-state [plaintiffs] deceived by representations 'disseminated from' the state
5  of California.").

6  Nor does Fulford lack standing to bring his UCL and FAL claims by reason of his
7  having purchased his H1000 Remote from a previous owner.  Fulford has alleged he
8  "purchased the H1000 . . . for approximately $200" (see FAC ¶ 18) and had he "known the
9  truth about the H1000 Remote's Z-Wave capability, he would have purchased a different
10  remote or paid less for the H1000 Remote he purchased" (see id. at ¶ 65; see also id. at ¶
11  72 (incorporating by reference "the allegations contained in preceding paragraphs")).
12  Nothing in either Cal. Bus. & Prof. Code § 17204 or Cal. Bus. & Prof. Code § 17535
13  requires privity of contract between a plaintiff and a defendant.  See § 17204 ("Actions for
14  any relief pursuant to this chapter shall be prosecuted . . . by any person who has suffered
15  injury in fact and has lost money or property as a result of . . . unfair competition."); § 17535
16  ("Actions for injunction under this section may be prosecuted by . . . any person who has
17  suffered injury in fact and has lost money or property as a result of a violation of this
18  chapter.").

19  **b.     Reliance/Causation**

20  Contrary to Logitech's argument, Fulford has not failed to allege reliance or
21  causation with respect to his UCL or FAL claims.  (See id. at ¶¶ 18, 65-66, 80; see also id.
22  at ¶ 72 (incorporating by reference "the allegations contained in preceding paragraphs")).

23  **c.     Rule 9(b)**

24  To the extent the Second Cause of Action alleges a "fraudulent" business act or
25  practice or a violation of the common law of deceit or fraud (see FAC ¶¶ 73-74, 76-79),
26  such claim is subject to dismissal for the reason that it fails to comply with Federal Rule of
27  Civil Procedure Rule 9(b).  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106
28  ("Averments of fraud must be accompanied by the who, what, when, where, and how of the

3

1 misconduct charged." (internal quotation and citation omitted)); see also id. at 1100, 1103
2 (holding although fraud is not essential element of claim under either UCL or FAL,
3 "allegations . . . of fraudulent conduct" made in connection with such claims "must satisfy
4 the heightened pleading requirements of Rule 9(b)"). Fulford identifies three alleged
5 misrepresentations made by Logitech on its website (see FAC ¶¶ 39-40 & Exs. A-C) but
6 makes only a general allegation that fails to specify the time at which any such
7 misrepresentation was made (see id. ¶ 43c. (alleging Logitech "misrepresented and
8 concealed material information regarding the existence of Z-Wave technology in the H1000
9 Remotes at all times, starting no later than December 2006, continuing through the time of
10 sale, and on an ongoing basis, and continuing to this day")). In particular, as to each such
11 specified misrepresentation, Fulford fails to allege the date on which such
12 misrepresentation first appeared on Logitech's website and when, if ever, it was removed.[4]
13      The Second Cause of Action is not subject to dismissal, however, to the extent such
14 claim is based on allegations of non-fraudulent conduct (see FAC ¶¶ 77-79 (alleging
15 Logitech committed "unfair . . . business acts and practices" and "unfair . . . advertising"));
16 see also Allied Grape Growers v. Bronco Wine Co., 203 Cal. App. 3d 432, 452 (1988)
17 (holding violation of § 17200 does not require showing of "actual fraud"; noting "[t]he test
18 under section 17200 is that a practice merely be unfair"); Vess, 317 F.3d at 1104 (holding,
19 where fraud is not necessary element of claim and plaintiff alleges "some fraudulent
20 conduct and some non-fraudulent conduct . . . . only the allegations of fraud are subject to
21 Rule 9(b)'s heightened pleading requirements").
22 //

---

[4] Logitech requests that the Court take judicial notice of five pages of website postings, which, Logitech asserts, contain disclosures that the H1000 Remote did not have Z-Wave capabilities and which, Logitech asserts, Fulford should have discovered prior to his purchase of said Remote. As the question of whether Logitech's alleged misrepresentations would have been misleading to a reasonable consumer is one of fact, see Williams v. Gerber Prods. Co., 523 F.3d 934, 939-40 (9th Cir. 2008), Logitech's reliance on such evidence is unavailing at this stage of the proceedings. See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986) (holding, on motion to dismiss for failure to state claim, court "must accept all material allegations in the complaint as true and construe them in the light most favorable to [the nonmoving party]").

#### d. Relief Sought

The Second Cause of Action is subject to dismissal to the extent Fulford seeks monetary damages thereunder, for the reason that Fulford has failed to allege that the money he paid for his H1000 Remote is now, or ever was, in the possession of Logitech. See Shersher v. Superior Court, 154 Cal. App. 4th 1491, 1497 (noting UCL "provides only limited remedies: restitution and injunctive relief"); id. at 1500 (holding in order to obtain monetary recovery under UCL, "the plaintiff must once have had an ownership interest in the money or property acquired by the defendant through unlawful means"); see also Buckland v. Threshold Enters., Ltd., 155 Cal. App. 4th 798, 819 (2007) ("[L]ike the UCL, remedies for individuals under the FAL are limited to restitution and injunctive relief . . . .").

The Second Cause of Action is not subject to dismissal, however, to the extent Fulford seeks non-monetary damages thereunder. See § 17203 (providing availability of injunctive relief under UCL); § 17535 (providing availability of injunctive relief under FAL).

### 3. Third Cause of Action (Violation of Cal. Civil Code § 1710 Deceit and Common Law Fraud)

#### a. Standing

Contrary to Logitech's argument, Fulford does not lack standing to bring his Third Cause of Action because he is not a California resident. Logitech's reliance on Mitchell v. Nat'l Auto. & Cas. Ins. Co., 38 Cal. App. 3d 599 (1974), is unavailing. See id. at 606 (holding "when a common count is based on the same facts specifically pleaded in another count which is subject to demurrer, the common count is likewise subject to demurrer"). As set forth above, Fulford's UCL and FAL claims are not subject to dismissal based on Fulford's status as a non-California resident. Consequently, Fulford's common law claims are not "subject to dismissal on the same grounds." (See Mot. at 10 n.3.)[5]

---

[5] Logitech's citation to Diamond Multimedia Sys., Inc. v. Superior Court, 19 Cal. 4th 1036 (1999) for the proposition that § 1710 "does not extend to claims by non-residents alleging injury caused by out-of-state conduct" (see Mot. at 10) is unavailing. As noted, Fulford has presented sufficient evidence to support a finding that the conduct at issue occurred in California. See id. at 1064 (recognizing "the importance of extending state-created remedies to out-of-state parties harmed by wrongful conduct occurring in California").

1    Nor is the Third Cause of Action subject to dismissal because Fulford has failed to
2 allege that Logitech intended to induce Fulford himself to rely on the alleged
3 misrepresentations.  Fulford has alleged that Logitech "made uniform representations to
4 consumers, including [Fulford]" (see FAC ¶ 90), and that "Logitech intended for consumers
5 to rely on its representations" (see FAC ¶ 92).  See Geernaert v. Mitchell, 31 Cal. App. 4th
6 601, 605 (1995) (holding "if defendant makes the representation to a particular class of
7 persons, he is deemed to have deceived everyone in that class"); see also Fed. R. Civ. P.
8 9(b) (providing "intent, knowledge, and other conditions of a person's mind may be alleged
9 generally").[6]

### b.   Reliance

Contrary to Logitech's argument, and as discussed in connection with the Second Cause of Action, Fulford has not failed to allege reliance.  (See FAC ¶¶ 18, 65-66, 94-96, 102-04, 112; see also id. at ¶¶ 86, 97, 105 (incorporating by reference allegations contained in preceding paragraphs).)

### c.   Rule 9(b)

For the same reasons discussed above in connection with the Second Cause of Action, Fulford's Third Cause of Action is subject to dismissal for failure to comply with Federal Rule of Civil Procedure 9(b).

### 4.   Fourth Cause of Action (Breach of Express Warranty)

#### a.   Standing

Contrary to Logitech's argument, the Fourth Cause of Action is not subject to dismissal for lack of standing.  As discussed above in connection with the Third Cause of Action, because Fulford's UCL and FAL claims are not subject to dismissal based on Fulford's status as a non-California resident, Fulford's breach of express warranty claim is

---

[6]Logitech's offer of evidence that Fulford, as a purchaser of a used H1000, was not a member of Logitech's intended target population (see Reply at 8) is unavailing at this stage of the proceedings.  Logitech's evidence goes to the merits of Fulford's fraud claims, not standing.  See, e.g., Shapiro v. Sutherland, 64 Cal. App. 4th 1534, 1548 (1998) (discussing intent to induce reliance in specific "person or persons" in context of merits of fraud claim); Geernaert, 31 Cal. App. 4th at 605 (same).

not "subject to dismissal on the same grounds." (See Mot. at 10 n.3.)[7]

Nor is the Fourth Cause of Action subject to dismissal on the ground that Fulford purchased the product at issue from a previous owner. See Fundin v. Chi. Pneumatic Tool Co., 152 Cal. App. 3d 951, 957 (1984) (holding "when a consumer relies on representations made by a manufacturer in labels or advertising material, recovery is allowable on the theory of express warranty without a showing of privity").[8]

### b. Reliance

Contrary to Logitech's argument, and as discussed above in connection with the Second and Third Causes of Action, the Fourth Cause of Action is not subject to dismissal on the ground that Fulford has failed to allege reliance with respect to such claim. (See FAC ¶¶ 18, 65-66, 120; see also id. at ¶ 118 (incorporating by reference allegations contained in preceding paragraphs).)

### 5. Fifth Cause of Action (Unjust Enrichment)

Fulford's Fifth Cause of Action is subject to dismissal. Even assuming unjust enrichment can constitute an independent cause of action under California law, see Melchior v. New Line Prods., Inc., 106 Cal. App. 4th 779, 793 (2003) (holding "there is no cause of action in California for unjust enrichment"), Fulford is not entitled to recover thereunder. The principle of unjust enrichment "is synonymous with restitution." See id. at 793. As discussed above, Fulford has failed to allege facts that, if true, would establish his right to restitution.

**B. Leave to Amend**

Fulford has requested leave to amend to correct a clerical error with respect to his

---

[7]The Court notes that a "claim for breach of express warranty . . . is governed by California Commercial Code section 2313." See Hauter v. Zogarts, 14 Cal. 3d 104, 115 (1975). With the exception of a single passing reference to such statute (see Mot. at 25), neither party has addressed the applicability of § 2313 to the instant action.

[8]Logitech requests that the Court take judicial notice of two documents that, Logitech asserts, reflect the written warranty offered by Logitech in connection with the H1000 Remote. Fulford's breach of express warranty claim, however, is not based on such written warranty.

7

allegations regarding the date by which Logitech posted a "partial disclosure" of the capabilities of the H1000 Remote. (See Opp'n at 4 n.1.) Such leave to amend will be granted. Additionally, to the extent Fulford may be able to cure certain of the deficiencies noted above, leave to amend likewise will be afforded.

## CONCLUSION

For the reasons stated above, Logitech's motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

1. The First Cause of Action is hereby DISMISSED without leave to amend.

2. The Second Cause of Action is hereby DISMISSED with leave to amend to the extent it alleges fraudulent conduct and DISMISSED without leave to amend to the extent it seeks monetary recovery.

2. The Third Cause of Action is hereby DISMISSED with leave to amend.

3. The Fifth Cause of Action is hereby DISMISSED without leave to amend.

4. Fulford shall file his Second Amended Complaint no later than December 12, 2008.

5. In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: November 14, 2008

MAXINE M. CHESNEY
United States District Judge