IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR FULFORD, on behalf of himself and all others similarly situated,<br><br>                            Plaintiff,<br><br>   v.<br><br>LOGITECH, INC.,<br><br>                            Defendant. | No. C-08-2041 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

      Before the Court is defendant Logitech, Inc.'s ("Logitech") "Motion to Dismiss Plaintiff's Second Amended Complaint," filed February 20, 2009. Plaintiff Arthur Fulford ("Fulford") has filed opposition, to which Logitech has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

      1. Contrary to Fulford's argument, to the extent Fulford's Second Cause of Action ("Violation of Cal. Civil Code § 1710 Deceit and Common Law Fraud") alleges claims of "deceit based on fraudulent concealment/nondisclosure" (see SAC ¶¶ 97-109), such cause of action is subject to dismissal. Fulford's reliance on LiMandri v. Judkins, 52 Cal. App. 4th 326 (1997), is unavailing. In particular, as LiMandri makes clear, no duty to disclose can arise in the absence of either a fiduciary duty or a transaction between the parties. See id. at 336-37 (holding, where fiduciary duty does not exist, "circumstances in which nondisclosure may be actionable presuppose[ ] the existence of some other relationship

between the plaintiff and defendant in which a duty to disclose can arise"; noting "such a relationship can only come into being as a result of some sort of <u>transaction</u> between the parties") (emphasis in original).  Here, Fulford has neither argued nor alleged that Logitech owed him any fiduciary duty, nor has Fulford argued or alleged that he entered into any transaction with Logitech.  (<u>See</u> SAC ¶ 22 (alleging Fulford purchased his H1000 Remote from a friend).)[1]

2.  In all other respects, for the reasons stated by Fulford in his opposition at 8:19-9:5, 10:20-17:17, 21:6-22:17, and 23:17-25:6, Logitech's motion will be denied.[2]

## CONCLUSION

For the reasons stated above, Logitech's Motion to Dismiss is hereby GRANTED in part and DENIED in part, as follows:

1.  To the extent Fulford's Second Cause of Action alleges claims of "deceit based on fraudulent concealment/nondisclosure" (<u>see</u> SAC ¶¶ 97-109), such cause of action is DISMISSED without leave to amend.

2.  In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated:  March 26, 2009

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] Fulford's reliance on <u>Stickrath v. Globalstar, Inc.</u>, No. C07-1941 TEH, 2008 WL 344209 (N.D. Cal. Feb. 6, 2008), likewise is unavailing.  In <u>Stickrath</u>, unlike here, each of the plaintiffs had entered into a purchase agreement with the defendant.  <u>See id.</u> at *1.

[2] In its reply, Logitech argues for the first time that Fulford lacks standing to pursue his claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 <u>et seq.</u>, and California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 <u>et seq.</u>, on the ground Fulford is not entitled to restitution.  (<u>See</u> Order filed Nov. 14, 2008, at 5:2-10.) In support of such argument, Logitech cites to <u>Walker v. Geico Gen. Ins. Co.</u>, --- F.3d ---, Nos. 07-15357, 07-15424, 2009 WL 595563 (9th Cir. Mar. 10, 2009), which, Logitech points out, was not decided until after Fulford had filed his opposition to the instant motion. <u>Walker</u>, however, contains no analysis of the UCL's standing provision and, in concluding the plaintiff therein lacked standing under the UCL, relies on <u>Buckland v. Threshold Enters., Ltd.</u>, 155 Cal. App. 4th 798 (2007), a decision issued prior to the inception of the instant action.  Accordingly, the Court declines to consider Logitech's new argument at this time.

2