IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR FULFORD, on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>LOGITECH, INC.,<br><br>Defendant. / | No. C-08-2041 MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |

Before the Court is defendant Logitech, Inc.'s ("Logitech") Motion for Partial Judgment on the Pleadings, filed April 8, 2009. Plaintiff Arthur Fulford ("Fulford") has filed opposition, to which Logitech has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for May 15, 2009, and rules as follows.

In the instant motion, Logitech argues Fulford lacks standing to pursue his claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., and California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq., on the ground that the Court has found Fulford is not entitled to restitution from Logitech (see Order filed Nov. 14, 2008, at 5:2-10).

In support of its argument, Logitech relies on Walker v. Geico Gen. Ins. Co., 558

...

F.3d 1025 (9th Cir. 2009),[1] and <u>Buckland v. Threshold Enters., Ltd.</u>, 155 Cal. App. 4th 798 (2007), wherein standing under the UCL was stated to be limited "to individuals who suffer losses of money or property that are eligible for restitution."[2]  See <u>Walker</u>, 558 F.3d at 1027 (quoting <u>Buckland</u>, 155 Cal. App. 4th at 817).  In so stating, however, neither <u>Walker</u> nor <u>Buckland</u> was suggesting that the only type of action that may be brought under the UCL is one for restitution, nor would such a holding be consistent with the language of the UCL, which, for purposes of standing, requires only that the plaintiff have "suffered injury in fact and [ ] lost money or property."  <u>See</u> Cal. Bus. & Prof. Code § 17204.  Rather, those courts, by the use of the phrase "eligible for restitution," were endeavoring to distinguish between the losses claimed in the respective cases before them and the type of loss cognizable under the UCL, specifically, a loss of "money or property" in which the plaintiff has "either prior possession or a vested legal interest."  <u>See</u> <u>Walker v. USAA Cas. Ins. Co.</u>, 474 F. Supp. 2d 1168, 1172 (E.D. Cal. 2007); <u>see also</u> <u>Walker</u>, 558 F.3d at 1027 ("agree[ing]" with district court's analysis).  In particular, as determined in both <u>Walker</u> and <u>Buckland</u>, neither of the respective plaintiffs therein had actually "lost money or property" of any sort.  <u>See</u> <u>Walker</u>, 474 F. Supp. 2d at 1173 (finding plaintiff lacked vested interest where claim based on "estimate for proposed work"; distinguishing case where claim based on non-payment for work performed); <u>Buckland</u>, 155 Cal. App. 4th at 818 & n.11 (noting Buckland "voluntarily [bought] [the] defendant's product to pursue a UCL action in the public interest," and, consequently, her purchase "[could not] reasonably be viewed as 'lost' money or property under the standing requirement").[3]

---

[1] Contrary to Logitech's assertion, the Court did not decline to consider the instant argument in the context of Logitech's motion to dismiss Fulford's Second Amended Complaint on the ground that <u>Walker</u> contains no analysis of the UCL's standing provision. Rather, as Fulford notes, the Court deemed such argument untimely, as Logitech could have raised the argument prior to its reply but failed to do so.

[2] There is no contention that standing under the FAL is governed by a different standard than standing under the UCL.

[3] Additionally, <u>Buckland</u> expressly limited its holding "to the special facts presented" therein.  <u>See</u> <u>Buckland</u>, 155 Cal. App. 4th at 818 n.11.

2

1    By contrast, where a plaintiff has adequately alleged "loss of income," "loss of financial resources," or "economic loss," a number of courts, subsequent to the enactment of the UCL standing requirement at issue herein,[4] have found such plaintiff has standing under the UCL, irrespective of any such plaintiff's inability to seek restitution from the defendant named therein. See, e.g., White v. Trans Union LLC, 462 F. Supp. 2d 1079, 1084 (C.D. Cal. 2006) (holding, where plaintiff alleges "loss of income" and seeks only injunctive relief, UCL "does not require that the losses in question were the product of the defendant's wrongful acquisition of the plaintiff's property"); So. Cal. Housing Rights Ctr. v. Los Feliz Towers Homeowners Ass'n, 426 F. Supp. 2d 1061, 1069 (C.D. Cal. 2005) (holding plaintiff Housing Rights Center had standing under UCL "because it present[ed] evidence of actual injury based on loss of financial resources in investigating [a discrimination] claim and diversion of staff time from other cases to investigate the allegations [therein]"); Aron v. U-Haul Co. of Cal., 143 Cal. App. 4th 796, 802-03 (2006) (holding plaintiff had standing where plaintiff alleged "he suffered economic loss by being required to purchase excess fuel" from third party before returning rental truck to defendant).

   Here, Fulford has alleged he "purchased the H1000 . . . for approximately $200" (see SAC ¶ 22) and that had he "known that the H1000 Remote[ ] did not have Z-Wave capability, [he] would have paid less for [it] or purchased [a] different remote control device[ ]." (see id. ¶ 88). Such allegations, for the reasons discussed above, are sufficient to plead the requisite injury in fact and loss of money or property for purposes of standing under the UCL.

//
//
//

---

[4] For purposes of standing, the UCL was "amended pursuant to the 2004 voter approval of Proposition 64" to provide that an action by a private citizen may only be prosecuted by a person who has "'suffered injury in fact and has lost money or property.'" See Walker, 558 F.3d at 1027 (quoting Cal. Bus. & Prof. Code § 17204).

Accordingly, Logitech's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: May 8, 2009

_____
MAXINE M. CHESNEY
United States District Judge

4