Jonathan D. Selbin (State Bar No. 170222)
jselbin@lchb.com
Kristen E. Law (State Bar No. 222249)
klaw@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

David P. Meyer (Ohio Bar #0065205) (*pro hac vice*)
dmeyer@dmlaws.com
Matthew R. Wilson (Ohio Bar #0072925) (*pro hac vice*)
mwilson@dmlaws.com
DAVID P. MEYER & ASSOCIATES, CO., LPA
1320 Dublin Road, Suite 100
Columbus, OH 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR FULFORD, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LOGITECH, INC., a California corporation,<br><br>Defendant. | Case No. 08-cv-02041 MMC<br><br>[PROPOSED] ORDER GRANTING ATTORNEYS' FEES AND COSTS AND SERVICE AWARD TO THE NAMED PLAINTIFF |

Class Counsel's Request for Attorneys' Fees and Costs and Service Award to the Class Representative (the "Fee Application") came before the Court for hearing on March 5, 2010, pursuant to this Court's October 15, 2009 Order Granting Preliminary Approval of Settlement and Provisional Class Certification (the "Preliminary Approval Order"). The Court has read and considered the Fee Application, all supporting declarations and all other materials relating thereto.

I.  **THE REQUESTED AWARD OF ATTORNEYS' FEES IS APPROPRIATE UNDER THE LODESTAR/MULTIPLIER METHOD**

Under Ninth Circuit precedent, a court may exercise its discretion to award attorneys' fees by applying the lodestar/multiplier method. *Hanlon v. Chrysler Group*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002)). Counsel who represent a class and produce a benefit for the Class Members are entitled to be compensated for their services, especially where, as here, the defendant has stipulated to the payment in addition to any recovery to the Settlement Class. Indeed, as the California Supreme Court has explained, in a purely contingent case like this, a fee based upon lodestar and enhanced by a multiplier "constitutes earned compensation; unlike a windfall, it is neither unexpected nor fortuitous. Rather, it is intended to approximate market-level compensation for such services, which includes a premium for the risk of nonpayment or delay in payment of attorney fees." *Ketchum v. Moses*, 24 Cal.4th 1122, 1138 (2001). As such, "a contingent fee must be higher than a fee for the same legal services paid as they are performed." *Id.* at 1132.

California courts approve of the use of a lodestar enhanced by a multiplier in calculating and awarding attorneys' fees and costs. *See, e.g.*, *Serrano v. Priest*, 20 Cal.3d 25, 48, n.23 (1977); *Dunk v. Ford Motor Co.*, 48 Cal. App. 4th 1794, 1810 (1996); *Lealao v. Beneficial California, Inc.*, 82 Cal. App. 4th 19, 45 (2000). The lodestar is derived by multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate. *McElwaine v. US West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999); *PLCM Group v. Drexler*, 22 Cal.4th 1084, 1095 (2000). The lodestar may then be enhanced using a multiplier after considering relevant factors, including the following: (1) the results obtained on behalf of the class by plaintiff's counsel; (2) the contingent nature of the case; (3) the novelty and difficulty of the questions involved; (4) the skill and quality of representation; and (5) the extent to which the litigation precluded other employment by the attorneys. *See, e.g.*, *Serrano*, 20 Cal. 3d at 49; *Lealao*, 82 Cal. App. 4th at 26; *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *Vizcaino*, 290 F.3d at 1052–54.

The Ninth Circuit has enumerated factors to be considered in determining the appropriateness of a fee using the lodestar method. *Kerr*, 526 F.2d at 70; *see also Hanlon*, 150 F.3d at 1029. In approving a fee request under the lodestar method, trial courts should consider:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the requisite legal skill necessary; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount at controversy and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* As set forth in detail later in this order, the Court has considered these factors in the present case to determine that the requested award of attorney's fees and reimbursement of expenses is appropriate.

## II. REQUEST FOR REIMBURSEMENT OF COSTS IS REASONABLE

The Court finds that the request for reimbursement of costs is reasonable. Throughout the course of this litigation, Class Counsel incurred out-of-pocket costs totaling $9503.57. The Ninth Circuit allows recovery of pre-settlement litigation costs in the context of a class action settlement. *Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003); *see also In re Media Vision Tech. Sec. Litig.*, 913 F.Supp. 1362, 1366 (N.D. Cal. 1996); *Grays Harbor Adventist Christian School v. Carrier Corp.*, 2008 WL 1901988, *4 (W.D. Wash. Apr. 24, 2008). Where, as here, the requested attorneys' fees and costs will be paid in addition to (and not out of) the relief available to the Settlement Class, reimbursement of reasonable costs is fully in keeping with applicable law. Based on the submissions of Counsel, the Court is satisfied that the requested costs are relevant to the litigation and reasonable in amount.

## III. INCENTIVE AWARD FOR THE NAMED PLAINTIFF IS APPROPRIATE

Plaintiff requests a service payment of $500. The trial court has discretion to award an incentive to the class representative. *In re Mego Fin'l Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th

Cir. 2000); *Grays Harbor*, 2008 WL 1901988, at *7. The criteria to be considered in determining the propriety and amount of an incentive award include: (1) the risk to the class representative in commencing a class action, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation. *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995); *see also Manual for Compl. Litig.* at § 21.62 fn. 971 (2004) (enhancement payments may be "warranted for time spent meeting with class members, monitoring cases, or responding to discovery").

Here, the record indicates that the Settlement Class representative contributed to the litigation by: (1) assisting counsel with the preparation of the complaint and amended complaints; (2) producing relevant documents and responding to other discovery; (3) staying abreast of the settlement negotiations; (4) reviewing the settlement terms; and (5) preparing and submitting declarations to the Court. In light of these facts, the Court finds that the Settlement Class representative's contribution to the litigation and settlement process was sufficient to warrant an incentive award.

When compared to service awards in other cases, the $500 award requested here is justified.[1] In light of the Settlement Class representative's efforts undertaken to obtain the Settlement for the Settlement Class—and the fact that no Class Member has objected to the service award—the Court hereby approves the payment of $500 to Arthur Fulford.

---

[1] *See, e.g.*, *Hughes*, 2001 U.S. Dist. LEXIS 5976, at *36-38 (approving incentive awards of $7,500, $20,000, and $40,000); *Carroll v. Blue Cross & Blue Shield of Mass.*, 157 F.R.D. 142, 143 (D. Mass. 1994), *aff'd* 34 F.3d 1065 (1st Cir. 1994) ("the class representatives shall receive payments of $7,500 each as compensation for services rendered to the class in initiating and prosecuting this action"); *Bogosian v. Gulf Oil Corp.*, 621 F. Supp. 27, 32 (E.D. Pa. 1985) (stating "the propriety of allowing modest compensation to class representatives seems obvious," and awarding $20,000 to two named class representatives). *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 457, 463 (9th Cir. 2000) (approving service awards of $5,000 from a total settlement of $1,725,000); *Razilov v. Nationwide Mutual Ins. Co.*, No. 01-CV-1466-BR., 2006 WL 3312024, *3-*4 (D. Or. Nov. 13, 2006) (approving $10,000 award to each class representative).

## IV. CONCLUSION

Due and adequate notice having been given to potential Class Members as required by this Court's Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed, and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Settlement Agreement, previously filed with this Court.

2. This Court hereby finds and concludes that due and adequate notice was directed to the Class Members, advising them of Class Counsel's intent to seek attorneys' fees and expenses, and of their right to object thereto.

3. A full and fair opportunity was accorded to all such persons and entities to be heard with respect to the Fee Application.

4. The Court hereby grants Class Counsel's request for reimbursement of $9,503.57 in out-of-pocket costs, plus attorneys' fees in the amount of $665,496.43, for a combined total of $675,000. The fee award represents a multiplier of approximately 1.66 on Class Counsels' lodestar.

5. The Court finds that the amount of fees and costs awarded herein is fair and reasonable to the Settlement Class in light of the result achieved, the effort that was spent, the complexity of the issues presented, and the numerous risks faced by Class Counsel in obtaining a successful result.

6. The Court finds, based on the record submitted, that the attorneys' fees awarded herein are justified in light of, *inter alia*, the following factors:

Time and Labor Required: The 1,165.8 hours Class Counsel collectively expended on this case were reasonably spent. Plaintiff's Counsel: (1) investigated and filed the action; (2) responded to inquiries throughout their investigation, and collected purchase information and other facts from individuals who made inquiries; (3) defeated motions, including repeated motions to dismiss and a motion for partial judgment on the pleadings; (4) crafted a Settlement

after meaningful investigation and extensive arm's-length negotiations; (5) successfully moved for preliminary approval of the Settlement; (6) worked with counsel for Logitech to develop the class notice materials and claim forms; and (7) responded to Class Member questions concerning the class notice and Settlement.

The Customary Fee: The multiplier requested by Plaintiff's counsel falls well within the range of multipliers approved by Ninth Circuit courts. *See Vizcaino v. Microsoft Corp.*, 290 F.3d at 1052–54 (approving multiplier of 3.65 and citing a survey of class settlements from 1996-2001 indicating that most multipliers range from 1.0 to 4.0). In light of the range of multipliers commonly approved by courts within the Ninth Circuit, Plaintiff's fee request is reasonable. The Court further finds that Plaintiff's Counsels' hourly rates are reasonable for their skill and the work they performed. The resulting lodestar multiplier of approximately 1.66 on Class Counsel's work on the investigation, litigation, and settlement of Plaintiff's substantive claims is fair and reasonable in light of the relevant factors identified and addressed herein.

Whether the Fee is Contingent: Class Counsel undertook this class action on a purely contingent basis, with no assurance of recovering expenses or attorneys' fees. Despite this lack of assurance, Class Counsel expended considerable time and resources to prosecute the case successfully on behalf of the Settlement Class. The time Class Counsel devoted to this matter could not be devoted to other potentially profitable work.

The Results Obtained: The Settlement provides Class Members with substantial benefits by providing significant relief for all affected Class Members. All eligible Class Members will receive a Harmony® 890 Advanced Universal Remote ("H890") with Logitech's standard 1-year Limited Hardware Warranty. The H890 is equipped with the Z Wave feature lacking in the Harmony® 1000 Universal Remote at issue in this matter. Class Counsel achieved this outstanding result in an expeditious manner, without the delay, expense and risk of litigation. Class Counsel will continue to invest time and resources in this matter beyond the claims period.

<u>The Experience, Reputation and Ability of the Attorneys</u>: The reputation, experience, and ability of Class Counsel were essential to success in this litigation. Class Counsel have substantial experience and expertise in consumer class action litigation.

\*\*\*

The awarded attorneys' fees and costs totaling $675,000 shall be transferred into an account designated by Class Counsel for the benefit of Class Counsel no later than seven (7) days after the Effective Date.

In addition to any relief he may receive under the Settlement Agreement, the Court approves payment of a $500 service award to Arthur Fulford. Logitech shall pay the Court-approved stipend to Class Counsel, in trust for the class representative, concurrent with its payment of attorneys' fees and costs.

Without affecting the finality of this Order, the Court reserves continuing and exclusive jurisdiction over the parties to the Settlement Agreement to settle any disputes related to the allocation of the costs and fees awarded by this Order.

**IT IS SO ORDERED.**

SIGNED this 5th day of March, 2010.

_____
The Honorable Maxine M. Chesney
UNITED STATES DISTRICT JUDGE