United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ARTHUR FULFORD, on behalf of himself
and all others similarly situated,

        Plaintiff,

v.

LOGITECH, INC., a California corporation,

        Defendant

_____/

No. C-08-2041 MMC

**ORDER FINDING MICHAEL A.
FITZGERALD IN CONTEMPT OF COURT
ORDER; AWARDING COSTS AND FEES
ACCORDING TO PROOF**

On April 22, 2010, on application of defendant Logitech, Inc. ("Logitech"), the Court
ordered Michael A. Fitzgerald ("Fitzgerald"), a member of the plaintiff class, to show cause,
in person on April 30, 2010, why he should not be held in contempt for violating the Court's
March 5, 2010 Order Granting Final Approval of Class Action Settlement.  On April 30,
2010, the Court conducted a hearing on the Order to Show Cause.  Philip S. Warden of
Pillsbury Winthrop Shaw Pittman LLP appeared on behalf of Logitech, and Kristen E. Law
of Lieff, Cabraser, Heimann & Bernstein, LLP, appeared on behalf of the plaintiff class.
Fitzgerald did not appear.

       Having read and considered all filings submitted in connection with the matter, and
having considered the showing made by counsel at the April 30, 2010 hearing, the Court,
for the reasons stated on the record at the hearing, hereby finds Fitzgerald knowingly and

willfully violated the Court's March 5, 2010 Order by thereafter filing and continuing to

prosecute, in the Commonwealth of Virginia, an action based on a claim released by the

class action settlement in the above-titled case.

Accordingly, the Court finds Fitzgerald to be in contempt of court.

As a sanction therefor, Fitzgerald is hereby ordered to pay to Logitech the costs and

fees reasonably incurred by Logitech in bringing its application for an order to show cause,

for appearing at the April 30, 2010 hearing before this Court, and in responding to the

action filed by Fitzgerald in the Commonwealth of Virginia, such costs and fees to be

awarded according to proof.  See In re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361,

1366 (9th Cir. 1987) (holding appropriate sanction for civil contempt is amount necessary to

"compensate the contemnor's adversary for the injuries which result from the

noncompliance").

No later than three weeks after a decision is rendered in the action pending in

Virginia, Logitech shall file and serve on Fitzgerald proof of such costs and fees reasonably

incurred.  Fitzgerald's response, if any, shall be filed and served on Logitech no later than

fourteen days after the date Logitech files its proof of such costs and fees.

**IT IS SO ORDERED.**

Dated:  April 30, 2010

MAXINE M. CHESNEY
United States District Judge